

FILED
IN OPEN COURT

JUN - 8 2021

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 2:20-cr-112-005 |
| v. | ) | |
| | ) | |
| ERIK ECKERT, | ) | |
| | ) | |
| Defendant. | ) | |

STATEMENT OF FACTS

The United States and the defendant, ERIK ECKERT, (hereinafter "ECKERT") agree that at trial the United States would have proven the following facts beyond a reasonable doubt with admissible and competent evidence:

1. Beginning on a date unknown, but no later than on or about February 1, 2020, and continuing thereafter until on or about July 31, 2020, ECKERT knowingly and intentionally combined, conspired, confederated, and agreed with MICHAEL STEVEN LAMBERT, a/k/a "Christopher DeCamillo," (hereinafter "M. LAMBERT"), LAURA FRANCES LAMBERT, a/k/a "Laura Purcell," (hereinafter "L. LAMBERT"), CLYDE EDWARD PEELE, a/k/a "Bo," (hereinafter "PEELE"), ADAM MORIN (hereinafter "MORIN"), and HAMDY SAYED (hereinafter "SAYED"), and with other persons to manufacture, distribute, and possess with the intent to manufacture and distribute anabolic steroids.

2. The primary purpose of the conspiracy was to make money through the manufacture and distribution of anabolic steroids within the Eastern District of Virginia and elsewhere.

3. In or about the spring of 2018, M. LAMBERT acquired identifying information belonging to C.D.C., a living person, through the darkweb. He subsequently used this information

1

to obtain fraudulent government-issued identifying documents. M. LAMBERT used this alias to avoid detection while engaging in anabolic steroid trafficking.

4. From in or about February 2020 to in or about April 2020, M. LAMBERT used MORIN's residence in Hanover, Virginia, in the Eastern District of Virginia, to operate a steroid manufacturing and processing center.

5. From on or about March 19, 2020, to on or about July 31, 2020, M. LAMBERT leased a residence on the 3800 block of Spring Grove Avenue in Claremont, Virginia, in the Eastern District of Virginia, for the purpose of operating a steroid manufacturing and processing center.

6. M. LAMBERT was both the leader and lead chemist of this drug trafficking organization.

7. M. LAMBERT tasked co-conspirators with various responsibilities related to his manufacturing and distribution of anabolic steroids.

8. M. LAMBERT used co-conspirators to receive packages of chemicals shipped to their addresses from China; these individuals received the packages from China and then forwarded them on to M. LAMBERT.

9. M. LAMBERT, the co-conspirators, and M. LAMBERT's drug clients used the United States Postal Service to ship anabolic steroids and U.S. currency.

10. M. LAMBERT communicated with clients and co-conspirators using end-to-end encrypted and content-expiring messages to detail anabolic steroid prices, available products, how to place orders, quantity requirements, and limits for orders.



11. M. LAMBERT, with the assistance of SAYED and others, deposited the proceeds of anabolic steroids sales using electronic bank transfers (*i.e.*, PayPal) and cryptocurrency transfers (*i.e.*, Bitcoin), such deposits being for the benefit and use of M. LAMBERT and L. LAMBERT.

12. From the spring of 2018 to in or about July 2020, M. LAMBERT supplied ECKERT, located in Jacksonville, Florida, with wholesale amounts of anabolic steroids, and ECKERT then distributed the steroids to other users.

13. Beginning in June 2019 through January 2020, ECKERT sold quantities of anabolic steroids to a Virginia Beach Police Officer. ECKERT shipped the anabolic steroids through the United States Postal Service to the officer's residence in Norfolk, Virginia, in the Eastern District of Virginia.

14. For a period of time beginning no later than February 2020 until on or about July 31, 2020, M. LAMBERT supplied SAYED, located in Katy, Texas, with wholesale amounts of anabolic steroids, and SAYED then distributed the steroids to users.

15. For a period of time beginning no later than February 2020 to on or about July 31, 2020, and in the Eastern District of Virginia, L. LAMBERT assisted M. LAMBERT by preparing labels for packages of anabolic steroids, tracking packages of anabolic steroids, and concealing money earned through the distribution of anabolic steroids.

16. M. LAMBERT used the proceeds of drug transactions to pay for additional raw chemical materials necessary for manufacturing anabolic steroids and for luxury vehicles, jewelry, and a horse, among other items.

17. On or about July 29, 2020, in Claremont, Virginia, in the Eastern District of Virginia, law enforcement searched the residence located on the 3800 block of Spring Grove Avenue and leased by M. LAMBERT. They discovered a massive steroid production and

distribution center along with quantities of suspected marijuana, narcotics, two firearms, suppressors, two pill presses, numerous cell phones, an estimated $100,000 worth of jewelry, accessories, and other items, two vehicles (a 2015 Maserati and a 2015 BMW), and $4,650 in United States currency.

18. Law enforcement recovered significant quantities of powders and liquids, which were sent for testing at the DEA's Mid-Atlantic Laboratory. The resulting analysis has determined that seized items, which were so numerous that testing was done by sampling, contained a variety of substances which qualify as anabolic steroids, including but not limited to Oxandrolone, Methasterone, Stanozolol, Fluoxymesterone, and Dehydrochloromethyltestosterone. Accordingly, the parties agree that the quantities of controlled substances involved in the conspiracy attributable to the defendant as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to the defendant are at least a detectable amount of anabolic steroids. Anabolic steroids are a Schedule III controlled substance.

19. The acts taken by the defendant, ECKERT, in furtherance of the offenses charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts is a partial summary of the case and does not describe all of the defendant's conduct relating to the offenses charged in this case, nor does it identify all of the persons with whom the defendant may have engaged in illegal activities.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: _____KYBrd_____
Kristin G. Bird
Special Assistant United States Attorney
Andrew C. Bosse
Assistant United States Attorney

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
ERIK ECKERT
Defendant

I am counsel for ERIK ECKERT. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Brian M. Latuga
Attorney for ERIK ECKERT